UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMILLE JOSEPH BOMAOTTE PERRY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY J. AHERN,<br><br>Defendant. | Case No. 22-cv-08710-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, ECF No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8   U.S. 42, 48 (1988).

**B.  Complaint**

The complaint names the following defendants: deputy technicians in Alameda County I Building, Alameda County Medical Wellpath, classification officer Krause, Alameda County Sheriff J. Ahern, deputies, and the dental staff at Santa Rita Jail. ECF No. 1 at 2.

The complaint makes the following allegations.

In his first claim, Plaintiff alleges that the following constituted deliberate indifference to his serious medical needs. In early September 2022, Plaintiff was diagnosed with phimosis and required circumcision. On September 26, 2022, Plaintiff put in a medical slip requesting that his antibiotics be continued and that he been seen by a doctor. On November 13, 2022, Plaintiff put in another medical slip, again requesting medical attention. At this point, Plaintiff's pain was "too much to bear." On November 28, 2022, Plaintiff put in another medical slip, requesting medical attention. As of December 3, 2022, prison officials had not responded to his medical slips.

In his second claim, Plaintiff alleges that the following constituted deliberate indifference to his serious medical needs and retaliation. Around 8:00 p.m. on an unspecified date, Plaintiff pushed the emergency button for over thirty minutes because he could feel a seizure coming on. No one responded and Plaintiff ended up having a seizure. The next night, Plaintiff was again ignored. At pod time, Plaintiff submitted a grievance but he did not receive a tracking number because the deputies are biased. Plaintiff is still being ignored daily. Plaintiff stopped pushing his call button for help on December 1st.

In his third claim, Plaintiff alleges that the following constituted discrimination and

retaliation. Classification officer Krause retaliated against Plaintiff for filing grievances on November 2nd and 4th by convincing Mental Health to "lift" his BHI on November 23rd, thereby putting his life in danger. Plaintiff submitted both a sick call slip and grievance but did not receive tracking numbers.

In his fourth claim, Plaintiff alleges that the following constituted deliberate indifference to his serious medical needs. Due to "retaliation acts in 9 Building," unidentified prison officials discriminated against Plaintiff and his cellmate by refusing to give them medical shoes and told Plaintiff and his cell mate that they would need a court order. There were many other acts, which Plaintiff will save for a separate Section 1983 action.

In his fifth claim, Plaintiff alleges that the following constituted deliberate indifference to his serious medical needs. Plaintiff has been in constant dental pain from September 27 to October 9. "Though [he has] been complaining about meds not working since [his] 18th birthday dental pain and suffering housed in Santa Rita who can't afford to care for us." *See* ECF No. 1 at 2-3.

Plaintiff seeks $200,000.00 in compensatory damages for his long term mental and physical pain that he has suffered and will continue to suffer at Alameda County Jail. ECF No. 1 at 3.

## C.     Dismissal with Leave to Amend

The Court dismisses this action with leave to amend for the following reasons.

First, Plaintiff's allegations are too conclusory to state a cognizable First Amendment retaliation claim against the only named defendant, classification officer Krause. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). It is unclear how convincing Mental Health to lift Plaintiff's

3

"BHI" constituted an adverse action.[1]

Second, for his remaining claims, Plaintiff fails to link specific individuals to the alleged constitutional violation. In preparing an amended complaint, Plaintiff should identify the person(s) who violated his constitutional right(s), describe what this (these) person(s) did (or did not do) that violated his constitutional rights. For example, if Plaintiff is alleging that the denial of medical shoes constituted deliberate indifference to his serious medical needs, he should identify by name the prison official who denied him medical shoes. Similarly, Plaintiff should identify which prison official failed to respond to his use of the emergency call button.

Third, Plaintiff's claims are too conclusory to state cognizable Section 1983 claims. In the first claim, Plaintiff does not identify what medical attention was needed or why he needed to continue his antibiotics. In the second claim, Plaintiff does not specify how prison officials knew that he faced an excessive risk to his health or why not receiving a tracking number for his grievances violated his constitutional rights. In the third claim, it is unclear how lifting BHI puts Plaintiff's life in danger, or how prison officials discriminated against him. In the fourth claim, it is unclear why Plaintiff required medical shoes, and what constituted "retaliation acts." In the fifth claim, Plaintiff does not specify who denied him dental care and what kind of care was needed.

Fourth, Plaintiff's claim regarding lack of dental care is contradicted by his attached exhibits. According to the grievance response attached at ECF No. 1 at 4, Plaintiff was seen by a dentist on October 9, 2022, one month after his first request for dental treatment.

Fifth, to the extent that Plaintiff is suing defendants Alameda County Medical Wellpath and Alameda County Sheriff J. Ahern because they employed or supervised the alleged wrongdoers, Plaintiff is cautioned that there is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim for relief under Section 1983 against a supervisor defendant, a

---

[1] It also is unclear what BHI is and how it relates to Plaintiff's health.

1   plaintiff must allege some facts that would support a claim that (1) the supervisor defendant
2   proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of*
3   *Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly
4   train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird*
5   *Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from
6   custom or policy for which the supervisor defendant was responsible, *see id.*; or (4) the supervisor
7   defendant knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*,
8   880 F.2d at 1045.  When a named defendant holds a supervisory position, the causal link between
9   him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*,
10  607 F.2d 858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the involvement
11  of supervisory personnel in civil rights violations are insufficient to state a claim.  *See Ivey v.*
12  *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Fed. R. Civ. P. 8 requires more than naked
13  assertions devoid of further factual enhancement.
14      Because it appears possible that Plaintiff may be able to correct the above deficiencies, the
15  Court DISMISSES the complaint with leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130
16  (9th Cir. 2000); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

## CONCLUSION

18  For the reasons set forth above, the Court DISMISSES the complaint with leave to amend.
19  Plaintiff shall file an amended complaint within twenty-eight (28) days of the date of this order
20  that addresses the identified deficiencies.  The amended complaint must include the caption and
21  civil case number used in this order, Case No. C 22-08710 JST (PR) and the words "AMENDED
22  COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the
23  questions on the form in order for the action to proceed.  An amended complaint completely
24  replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir.
25  2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to
26  present and all of the defendants he wishes to sue.  Plaintiff may not incorporate material from the
27  prior complaint by reference.  Failure to file an amended complaint in accordance with this order
28  in the time provided will result in this action being dismissed without further notice to Plaintiff.

1  The Clerk shall include two copies of the court's complaint form with a copy of this order to
2  Plaintiff.
3      **IT IS SO ORDERED.**
4  Dated: July 26, 2023



JON S. TIGAR
United States District Judge

6